STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-49

BLETHEN MAINE
NEWSPAPERS, INC.,
d/b/a CENTRAL MAINE
NEWSPAPERS,

        Plaintiff/Appellant

   v.

STATE OF MAINE
and MAINE DEPARTMENT
OF CORRECTIONS,

        Defendants/Appellees

**DECISION ON APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

NOV 5 2002

This matter comes before the court on the appeal of the Blethen Maine Newspapers, Inc. (Central Maine Newspapers) pursuant to the Maine Freedom of Information Act (FOAA) (1 M.R.S.A. § 409 and M.R.Civ. P. 80B). The appeal is from the denial by the Maine Department of Corrections (DOC) of access by the Central Maine Newspapers to a DOC report relating to the suicide of an inmate in the Kennebec County Jail. The unfortunate demise of one Jason Rozell on April 8, 2002, resulted in investigations by the Kennebec County Sheriff's Office, the Augusta Police Department, and the DOC. All three investigations have been completed and the investigation reports of the Kennebec County Sheriff's Office and the Augusta Police Department have been made public. Central Maine Newspapers have sought release of the DOC report pursuant to the FOAA, which request has been denied, leading to the present appeal.

The DOC report, which the court has reviewed *in camera*, is in the form of a 10-

1

page letter from the DOC Director of Correctional Inspections to the Kennebec County Sheriff. Copies of the report were sent to the Commissioner of Corrections, the Kennebec County Commissioners, the Assistant Attorney General representing the DOC, the Kennebec County Jail Administrator, and one of the inspectors involved. According to the report:

> This review was conducted to determine compliance of operational practices with Jail Standards promulgated November 1992 pursuant to 34-A M.R.S.A. § 1208, your jail facility policies and operational procedures, your contractual agreement with ARCH for medical and mental health services related to this death. In addition, jail practices were reviewed to determine if non-compliance issues were related to this death only or routine practices.

The letter report dated June 6, 2002, is labeled "CONFIDENTIAL - NOT FOR PUBLIC DISTRIBUTION," but no authority or reason for this designation is stated. A portion of the report entitled "Facility Capacity & Overcrowding" has already been made public by the DOC. Other portions of the report, which have not been made public, deal more specifically with the particulars of the Rozell matter and the inspector's findings and suggested corrective actions where necessary. The findings portions identify by name the correctional officers involved and their particular actions.

## Discussion

The DOC argument against release is based solely upon the provisions of 30-A M.R.S.A. § 503(1)(B)(5).[1] As stated by DOC in its brief, "Title 30-A M.R.S.A. § 503(1)(B)(5) provides that among the personnel records that are confidential and not 'public records'

---

[1] The DOC's position originally included arguments under 22 M.R.S.A. § 1711-C & 26 M.R.S.A. § 631. After a release of medical information by the administrator of Mr. Rozell's estate and further legal research by the Attorney General, these bases were abandoned. At oral argument the court also asked counsel for DOC if there was anything in the report which could compromise the security of the facility itself, another possible ground for non-disclosure. The court was assured that this was not the case.

as defined in the Freedom of Access Act are 'county records' that contain 'complaints, charges or accusations of misconduct, replies to those complaints, charges or accusations and any other information or materials that may result in disciplinary action."

An initial question is whether the DOC report is a "county record" within the meaning of the statute. The DOC argues for a broad interpretation of this category, pointing out that the report is in the possession of the Kennebec County Sheriff's Office and was developed by reviewing county jail records and interviewing county jail staff. Maine Central Newspapers responds that although the report has to do with procedures and operations in a county jail and the sheriff was the recipient, the report was generated by and is in the possession of the DOC pursuant to the department's statutory obligations. Thus, in the newspaper's view this is not a county personnel file and is not subject to section 503.

With the benefit of *in camera* review, the court is satisfied that the report in its entirety is not a "county record" within the meaning of the statute. The report is that of a department of state government pursuant to its authority and obligation under the statute. The fact that it is about county government and mentions county officers and employees by name does not turn the report into a protected personnel document. The report examines the operation of a public institution which should be the subject of public knowledge and concern, but about which the vast majority of law abiding citizens have no knowledge. By and large, the public has the right to know how institutions supported by its tax dollars are being operated, particularly if the institutions serve those whose freedoms have been taken away through our judicial process.

3

It might be argued that a portion of a report similar to the one in question might be entitled to protection under section 503 if it named names and called for disciplinary action against those individuals. In that case, it might be appropriate to redact the individual names from the report, within the spirit of section 503, before public release. As noted, the report in question does include the names of corrections personnel at the jail and points out deviations from jail policy where improvement is necessary. However, the report calls for no individual discipline and the sheriff's report concludes that no discipline of any jail personnel will be forthcoming. Thus, the section 503 argument, even as applied to portions of the report, is not persuasive.

Based on the foregoing, the court concludes that neither the report itself nor any individual portion of the report qualifies as a "county record" containing complaints, charges or accusations of misconduct; replies to those complaints, charges or accusations or any other information or materials that may result in disciplinary action. The court concludes that the DOC report of June 6, 2002, is a public document and must be provided to the appellants.

The entry will be:

Appeal GRANTED. The Department of Corrections is ORDERED to provide the appellant access to public document in issue.

Dated: October 21, 2002

S. Kirk Studstrup
Justice, Superior Court

4

Date Filed __8/12/02__      __Kennebec__      Docket No. __AP02-49__

County

Action __80B__

# J. STUDSTRUP

Blethen Maine Newspaper, Inc.
d/b/a Central Maine Newspapers

          State of Maine,
          Maine Department of Corrections

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sigmund D. Schutz, Esq.<br>PO Box 9546<br>Portland ME 04112-9546<br>Jonathan S. Piper, Esq. | Diane Sleek, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 8/13/02 | Appeal from Denial of Access to Public Records with attachments, filed. s/S. Schutz, Esq. (filed 8/12/02)<br><br>Joint Motion for Entry of Scheduling Order Re: denial of Public Access to records Pursuant to 1M.R.S.A 408,409, filed. s/Sleek, AAG<br>Joint Stipulations, filed. s/Piper, Esq. s/Sleek, AAG<br>Proposed Scheduling Order on Freedom of Access Act Appeal From Denial of Public Access to Records, filed. |
| 8/15/02 | Acceptance of Service signed by Diane Sleek, AAG on behalf of the State of Maine dated by August 12, 2002, filed. s/D. Sleek, AAG. (filed 8/15/02) |
| 8/28/02 | Second Joint Stipulation Re:Withdrawal of 22 M.R.S.A. 1711-C as Grounds for Denial of Access to Records, filed. s/Schutz, Esq. s/Sleek, AAG |
| 8/30/02 | Brief of Appellees, filed. s/Sleek, AAG (filed 8/29/02)<br>Report under seal, filed. |
| 8/30/02 | Brief of Plaintiff/Appellant Blethen Maine Newspapers, Inc. on Appeal From Denial of Access to Public Records, filed. s/Piper, Esq. & Schutz, Esq. (filed 8/29/02) |
| 10/2/02 | Set for hearing on 10/16/02 at 8:30 a.m. Attys notified by telephone. |
| 10/16/02 | Hearing held with Justice Studstrup, Presiding; Sigmund Schutz, Esq. for Plaintiff and Diane Sleek, AAG for the State of Maine. Phil Galucki, Court Reporter. After arguments, <u>taken under advisement.</u> |
| 10/22/02 | DECISION ON APPEAL, Studstrup, J.<br>Appeal GRANTED. The Department of Corrections is ORDERED to provide the appellant access to public document in issue.<br>Copies mailed to attys of record.<br><br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |